(20 App. Div. 635.)

### BEICHERT v. REED et al.

(Supreme Court, Appellate Division, Third Department. September 28, 1897.)

NEGLIGENCE—PROXIMATE CAUSE.

Plaintiff was employed by defendants in the construction of a street railroad, and he and several others, in moving rails, weighing about 850 pounds each, a distance of 10 or 12 feet, took hold of each rail, lifted it, and carried it to the place of deposit. Plaintiff testified that "the third rail we carried out, and they throwed it down, and the rail kind of rebounded, and struck my foot," and that "we stood up like this [indicating], and dropped it down." A witness for him testified that, "at the time we dropped it down, we sort of threw it from us. We did not want it on our feet. This rail struck another rail lying there, and bounded from that rail, and went over on his foot." *Held*, that the immediate cause of the injury was the manner in which plaintiff and the other men threw down the rails, for which defendants were not responsible.

Appeal from trial term, Ulster county.

Action by Philip J. Beichert against Frederick H. Reed and another for personal injuries caused by defendants' negligence. From a judgment in favor of plaintiff, and from an order denying their motion for a new trial, defendants appeal. Reversed.

At the time of the accident upon which this action is founded, the defendants were co-partners in business, and were engaged in building a line of electric railway in the city of Kingston, known as the "Colonial Electric Railroad." The plaintiff was a laborer in the employ of the defendants, and, prior to the happening of the accident, had been engaged in digging the ground in preparing the roadbed for the laying of the rails. Upon the day of the happening of the accident, one of the foremen of the defendants instructed the plaintiff, with others, to go to an avenue, which he named, to carry rails. It appears that a number of rails were left in a ditch or trench which had to be excavated deeper than it then was, and the foreman told the plaintiff and the other workmen with him to remove the rails from the ditch to one side. These rails were 30 feet long, and weighed from 850 to 900 pounds. They were to be removed for a distance of 10 or 12 feet. Ten or twelve laborers took hold of each rail with their hands, lifted it from the ditch, and carried it to the place of deposit. In describing the manner in which the accident happened, the plaintiff says: "We carried out one rail; we carried out the second rail; and the third rail we carried out, and they throwed it down, and the rail kind of rebounded, and struck my foot." And again he says: "We stood up like this [indicating], and dropped it down." The distance that they dropped it was between two and three feet. One of the plaintiff's witnesses also testified: "At the time we dropped it down, we sort of threw it from us. We did not want it upon our feet. This rail struck upon another rail lying there, and bounded from that rail, and went over on his foot." Evidence was given upon the trial as to the use of tongs in carrying rails, and that they were proper and convenient; but the evidence shows that none were used in carrying the rails in question, and that neither the foreman nor any one else produced any tongs for that purpose, or suggested their use to the workmen, although the preponderance of evidence seems to be that tongs were furnished by the defendants for use in carrying rails, and that they were stored in the tool chest at night, and were in sufficient number to carry on the work of removing the rails.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nadal, Smyth, Carrere & Trafford (Perry D. Trafford, of counsel), for appellants.

Charles Irwin (John D. Eckert, of counsel), for respondent.

HERRICK, J. It seems to me unnecessary to consider the evidence in relation to the tongs, or what the duty of the defendants required them to do in relation to furnishing them, or as to whether the foreman stood in the place of the defendants, and his act in not producing the tongs, and furnishing them to the plaintiff and the other workmen, was the act of the defendants, or whether it was the act of a fellow servant, because it appears to me from an examination of the evidence that the immediate and proximate cause of the injury to the plaintiff was the manner in which he and his fellow workmen, engaged in handling the rails, dropped or rather threw from them the rail which caused the injury. If they had laid the rail down, an accident would not have happened. The taking of these rails out of the ditch, and removing them to the side of the road, a distance of 10 or 12 feet, was not labor that it required any great skill or intelligence to perform. The immediate cause of the accident was throwing the rails down a distance of 2 or 3 feet upon other rails, which would naturally cause, and did cause, a rebound. This act was one in which the plaintiff participated with his fellow workmen, and it was the immediate cause of the injury, and for it the defendants cannot be held responsible.

Without discussing the other questions argued before us, but because of the act of the plaintiff himself, the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.